Clerk's Office
Filed Date:

7/13/2021

U.S. DISTRICT
COURT
EASTERN
DISTRICT OF NEW
YORK
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

The International Association of Heat and Frost Insulators and Allied Workers Local 12 of New York City, Welfare Fund of Heat and Frost Insulators Local 12, Pension Fund of Heat and Frost Insulators Local 12 Vacation Fund of Heat and Frost Insulators Local 12, Annuity Fund of Heat and Frost Insulators Local 12, Apprentice Journey Worker Education Fund Heat and Frost Insulators Local 12,

Plaintiff(s),

v.

Minosis Group, Inc., MIMGT LLC, Minosis Inc., MITG LLC, Marido Industries, Inc., Michael Theodorobeakos a/k/a Michael Theodor and Grecia Theodorobeakos a/k/a Grace Theodorobeakos a/k/a Grace Theodor,

Defendant(s).

Civil Action No.:
20-cv-5948 MKB-RLM

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, Welfare Fund of Heat and Frost Insulators Local 12; Pension Fund of Heat and Frost Insulators Local 12; Vacation Fund of Heat and Frost Insulators Local 12; Annuity Fund of Heat and Frost Insulators Local 12; Apprentice Journeyworker Education Fund Heat and Frost Insulators Local 12 (the "Funds"); the International Association of Heat and Frost Insulators and Allied Workers Local 12 of New York City (the "Union" or "Local 12") (hereinafter collectively "Plaintiffs") commenced the instant action against Defendants: the Minosis Group, Inc. ("Minosis"); MIMGT LLC; Minosis Inc.; MITG LLC; Michael Theodorobeakos a/k/a Michael Theodor; and Grecia Theodorobeakos a/k/a Grace Theodor ("Minosis Defendants"); and Marido Industries, Inc. ("Marido") (collectively, the "Defendants"). The matter is pending before the United States District Court for the Eastern District of New York (the "Court"), captioned as *The International Association Of Heat And Frost Insulators And Allied Workers Local 12 Of New York City et al v. Minosis Group, Inc., et al.*, 1:20-cv-05948-MKB-RLM (the "Lawsuit"). By this action, Plaintiffs are seeking recovery of employee wages and benefit funds and to compel a payroll audit. Together, Plaintiffs and the Minosis Defendants are referred to herein as the "Parties";

**WHEREAS**, Plaintiffs allege, among other things, in the Lawsuit that MIMGT LLC, MITG LLC and Marido Industries, Inc., Minosis and Minosis Inc. are a common enterprise, single employer, alter-egos, and/or double-breasted enterprises with each other. Specifically, Plaintiffs

allege that MIMGT LLC, MITG LLC and Marido Industries, Inc. are double-breasted entities of Minosis and Minosis Inc. and perform construction bargaining unit work within the craft and geographical jurisdictions of Local 12 despite being non-signatories to the Collective Bargaining Agreement ("CBA") between Minosis and the Union. Plaintiffs further allege in their lawsuit that Defendants transferred funds among each other and that Minosis and Minosis Inc. used MIMGT LLC, MITG LLC and Marido Industries, Inc. to avoid obligations under the CBA, including Minosis's obligations to pay wages to Local 12 and its members and make contributions to the Funds for work performed by covered workers. As such, Plaintiffs allege that Defendants breached the CBA and the Union is entitled to unpaid hours;

**WHEREAS**, in the Lawsuit, Plaintiffs further allege that Minosis owes contributions to the Funds for specified amounts identified by an audit of Minosis's books and records for December 1, 2014 through December 1, 2020 (the "2014-20 Audit"), and additional unknown amounts for the subsequent periods;

**WHEREAS**, the Minosis Defendants deny the material allegations against them in the Lawsuit;

**WHEREAS**, to avoid the risks, expense, and delay associated with further litigation, the Parties agree to resolve this Lawsuit based on the considerations and terms set forth in this Agreement;

**WHEREAS**, in furtherance of this effort to resolve the Lawsuit, Minosis agreed to and participated in a payroll audit for the period May 2019 through December 2020, and paid all deficient contributions found to be due and owing to the Funds and paid all contributions found to be due and owing to the Funds, receipt of which is acknowledged by Plaintiffs;

**NOW, THEREFORE IT IS HEREBY STIPULATED, UNDERSTOOD, CONSENTED TO,** by and between the Parties and **SO ORDERED** by the Court after due deliberation that:

1. Upon receipt of a fully executed copy of the memorandum of agreement ("2021 Mid-Term MOA"), substantially in the form annexed hereto as Exhibit A, and receipt of the Initial Payment owed under this Agreement as described in paragraph 3 herein, the Lawsuit against the Minosis Defendants is dismissed with prejudice and without attorneys' fees or costs of any kind or nature (including but not limited to fees or damages arising under ERISA §502(g)(2)) to any party. Plaintiffs further agree to dismiss the Lawsuit without prejudice against Marido. Plaintiffs agree to execute along with this Agreement a Stipulation of Dismissal with Prejudice, annexed hereto as Exhibit B, and cause the filing of such Stipulation with the Court.

2. Minosis (hereinafter referred to as "Settling Defendant") shall pay or cause to be paid to Plaintiffs a total settlement payment of THREE HUNDRED TWENTY FIVE THOUSAND DOLLARS ($325,000.00) (hereinafter the "Settlement Amount").

3. The above-referred Settlement Amount of THREE HUNDRED TWENTY FIVE THOUSAND DOLLARS ($325,000.00) shall be paid by the Settling Defendant as follows: (1) $50,000.00 to be paid within 30 days after the Court So-Orders the Agreement (the "Initial Payment"); and (2) in equal quarterly installments of TWENTY TWO THOUSAND NINE

HUNDRED SIXTEEN DOLLARS AND 67 CENTS ($22,916.67) over a three-year period (the "Regular Quarterly Installment"), together with its quarterly contributions, to the Funds in accordance with the CBA. The first Regular Quarterly Installment shall begin on the first regular quarterly payment falling at least thirty (30) business days after the Court So-Orders the Agreement.

4. Plaintiffs hereby expressly covenant and state that the Settlement Amount covers and compensates Plaintiffs for all claims which were raised or which could have been raised in the Lawsuit, including but not limited to all claims for relief under ERISA §502(g)(2) and additional wages due pursuant to the CBA, and specifically includes all reasonable attorneys' fees, costs, auditors' fees, interest, liquidated damages or any other relief to which they could be otherwise entitled by law or contract.

5. Plaintiffs for good and valuable consideration, receipt of which hereby acknowledged, does for themselves and their heirs, executors, administrators, representatives, members and others covered by the CBA, trustees, insurers, employees, agents and assigns (hereinafter collectively referred to as "Releasors"), remise, release and forever discharge the Minosis Defendants, their heirs, executors, administrators, representatives, insurers, officers, agents, assigns, predecessors, successors, subsidiaries and affiliates, and all present and former officers, members, employees, attorneys, insurers and agents and their respective administrators, representatives, spouses, heirs, executors, agents and assigns (hereinafter collectively referred to as "Releasees") from all causes of action, debts, contracts, controversies, claims and demands raised by Plaintiffs in the above-entitled action or which could have been raised or asserted by Plaintiffs in the above-entitled action whether or not known, suspected, claimed or concealed against Releasees for the period December 1, 2014 through December 31, 2020.

6. The purpose of the Agreement is to accomplish the compromise and settlement of disputed and contested claims. Neither this Agreement nor the release contained herein, nor the subject matter or the terms of the settlement (or any part thereof), nor the negotiations leading up thereto, nor any discussions or communications, written or oral, relating thereto (or any part thereof), shall be considered an admission that any party had any valid claim, right, cause of action or demand against the other, nor that any party had any liability whatsoever to the other, which liability is expressly denied. The Minosis Defendants deny the allegations of the Complaint and further deny that they are liable to Plaintiffs in any respect whatsoever. Plaintiffs acknowledge that the Union represents the interests of its members and all others covered by the CBA. For this reason, it is authorized to enter into this Agreement on their behalf.

7. This Agreement may not be introduced into evidence in any proceeding other than one seeking to enforce the terms of this Agreement.

8. In the event that Plaintiffs are commanded to attend any proceedings or provide testimony, Plaintiffs agree to provide notice of such attendance or testimony to Defendants in accordance with the notice provision set forth in this Agreement. Such notice shall be in writing and sent no less than ten (10) days prior to such attendance or testimony, or the amount of prior notice of such attendance or testimony that he received, whichever is less.

9.     Minosis and MIMGT agree to execute Affidavits of Confession of Judgment in the amount of the Settlement Amount as referenced in paragraph 3 above in the forms annexed hereto as Exhibit "C". Said Affidavits of Confession of Judgment will be held in escrow on behalf of the Plaintiffs by Colleran, O'Hara & Mills L.L.P., and will only be released from escrow as provided herein.

10.     Any default in making any of the required Settlement Amount payments as required by this Agreement shall be considered a material breach of this Agreement. Plaintiffs agree that prior to seeking any remedies available under the Agreement, they will provide Minosis with a written notice of non-payment and pursuant to the notice provision of this Agreement, and afford Minosis a period of fifteen (15) business days to remedy the breach. Plaintiffs' remedies against the Minosis Defendants for any material breaches of this Agreement shall be limited to the enforcement of the payment terms under this Agreement and the reasonable costs and attorneys' fees incurred by Plaintiffs in enforcing the terms of this Agreement. An uncured default shall permit Plaintiffs to instruct Colleran, O'Hara & Mills, L.L.P. to release the Confession of Judgments and have execution thereon.

11.     All notices that are required under this Agreement shall be given in writing to the Parties by either (i) personal delivery; (ii) Registered or Certified Mail, in each case, return receipt request and postage prepaid U.S.; or (iii) nationally [or internationally] recognized overnight courier with all fees prepaid, to the following addresses:

If to Plaintiffs:

Jack S. Groarke, Esq.
Patricia L. Boland, Esq.
Colleran, O'Hara & Mills, L.L.P.
100 Crossways Park Drive West, Suite 200
Woodbury, New York 11797
P. (516) 248-5757
F. (516) 742-1765
E. jsg@cohmlaw.com
E. plb@cohmlaw.com

If to Minosis Defendants:

Eric Su, Esq.
Crowell Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022-2544
P. (212) 803-4041
F. (212) 223-4134
E. esu@crowell.com

Another address may be designated by the Party in a notice pursuant to this Paragraph. All notices shall be deemed complete upon receipt by the receiving Party of the first copy of the notice as indicated by the date on the signed receipt, or, if (a) a Party rejects or otherwise refuses to accept

the notice, or (b) if the notice cannot be delivered because of a change in address for which no notice was given, then upon the rejection, refusal or inability to deliver the notice.

12. Plaintiffs agree that this Agreement, and the terms of this Agreement, are confidential and shall not be disclosed by Plaintiffs, except that they may disclose relevant information as needed to their legal counsel, and tax advisors, provided that they first advise the individual(s) to whom such disclosure is made of the confidentiality provisions of this Agreement, and securing consent to keep the information confidential. They may also disclose relevant and necessary information in a proceeding to enforce the terms hereof or as required by law. Plaintiffs represent that neither they nor their agents have made communications concerning the nature or terms of this Agreement prior to the signing of this Agreement that would have been precluded by this Paragraph 11 if they had been made after the Effective Date of this Agreement (as defined below). Unless prohibited by applicable law, in response to a specific third party, Union members or others covered by the CBA or press inquiry regarding this Agreement or its terms, Plaintiffs (or their agents or representatives) may state that the dispute was resolved and that the terms of the resolution are confidential.

Notwithstanding the foregoing, the Parties consent to the filing of this Agreement with the Court for its approval and so- order. The filing of this Agreement and accessing the agreement via the Court's electronic docket shall not constitute violations of this Paragraph 12. Except otherwise provided in this Paragraph 12 or as required by applicable law, Plaintiffs agree not to affirmatively direct or refer any third party to the docket entry or this Agreement.

13. Plaintiffs agree that they will instruct their business agents, officers, trustees, representatives and employees to not make any Disparaging remarks, comments or statements or communicate any Disparaging information (whether oral or written) with respect to the Minosis Defendants. "Disparaging" means information that impugns the character, honesty, integrity, morality, business acumen, abilities or lifestyle of the individual or entity being disparaged or in connection with any aspect of the business conducted by such individual or entity. Plaintiffs' officers further agree to refrain from issuing their own statements containing any Disparaging remarks, comments or statements or communicate any Disparaging information (whether oral or written) with respect to the Minosis Defendants. This paragraph shall not be construed to prevent Plaintiffs or their business agents, officers, trustees, representatives and employees from testifying truthfully, under oath, about any matter, if required to do so in any legal proceeding, or any investigation conducted by any Federal, State or Local agency. Plaintiffs will not initiate, cause, instigate, permit, participate or join in any strike, work stoppage or slowdown, picketing or any other restriction of work at any location where the Minosis Defendants perform work by reason of the allegations asserted or which could have been asserted in the Lawsuit.

14. No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the party giving such waiver, and no such waiver shall operate or be construed as a waiver of any subsequent breach or default of the same or similar nature.

15. This Agreement supersedes all prior agreements and understandings written or oral between the Parties regarding the claims asserted or could have been asserted in the Lawsuit and constitutes the entire agreement of the Parties with respect to the subject matter herein stated.

16. No provision of this Agreement shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this Agreement and signed by all of the Parties hereto and so ordered by the Court.

17. This Agreement, and each of the promises and covenants herein, shall be binding upon and inure to the benefit of all Parties and their respective agents, heirs, legatees, executors, administrators, legal representatives, successors in interest and assigns.

18. Each Party represents and warrants that it has full power, good right and authority to enter into, and perform under, this Agreement and that the individual executing this Agreement on its behalf has been duly authorized to do so and has secured all necessary approvals to do so.

19. Each Party has been advised of its respective right to retain independent legal counsel to review this Agreement. Each Party represents that it has either consulted with independent counsel or waived its right to consult with independent counsel. Each of the signatories to this Agreement represents that he or she has read it, fully understands the rights and obligations described herein, and is entering into the Agreement freely and without duress.

20. The Parties each hereby acknowledge that, in executing this Agreement and/or any documents being in connection with this Agreement, they have not relied on any representation, warranty, promise, statement, covenant or agreement, express or implied, direct or indirect, except as expressly set forth herein.

21. If this Agreement must be construed or interpreted, it shall not be construed or interpreted against either Party hereto as the author. It shall be conclusively presumed that all Parties participated equally in the preparation and/or drafting of this Agreement.

22. The Parties agree that this Agreement shall be governed by the laws of the State of New York without regard to conflicts of law principles.

23. The Parties agree that the only consideration for their entering this Agreement are the terms stated herein and that there are no other oral or written promises and inducements of any kind which would cause them to enter this stipulation.

24. If at any time after the date hereof, any provision of this Agreement shall be held by any court of competent jurisdiction to be void or unenforceable, such provision shall be of no force or effect. However, the unenforceability of such provision shall have no effect upon and shall not impair the enforceability of any other provision of this Agreement.

25. The Parties hereby acknowledge and consent to the continuing jurisdiction of the United States District Court, Eastern District of New York, to enforce the terms of this Agreement.

26. This Agreement shall become effective immediately following its execution by all Parties and So-Ordered by the Court ("Effective Date"). This Agreement may be executed in counterparts, including by facsimile, with the same effect as if all the Parties have signed the same document. All counterparts shall be construed together and shall constitute a single Agreement.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date first written above.

**International Association of Heat and Frost Insulators and Allied Workers Local 12 of New York City**

Dated: _July 7, 2021_

By: _[signature]_
Its Authorized Representative

**Welfare Fund of Heat and Frost Insulators Local 12, Pension Fund of Heat and Frost Insulators Local 12; Annuity Fund of Heat and Frost Insulators Local 12; Vacation Fund of Heat and Frost Insulators Local 12; Apprentice Journeyworker Education Fund Heat and Frost Insulators Local 12**

Dated: _July 9, 2021_

By: _[signature]_
Its Authorized Representative

**Minosis Group, Inc.**

Dated: _____

By: _____, President

**MIMGT LLC**

Dated: _____

By: _____, President

**MITG, LLC**

Dated: _____

By: _____, President

**Michael Theodorobeakos**, Individually
Dated: _____

**Grecia Theodorobeakos**, Individually
Dated: _____

SO ORDERED:

_s/ MKB_
Margo K. Brodie
United States District Judge

Dated: _____ July 13_, 2021

**IN WITNESS WHEREOF**, the Parties have executed and delivered this Agreement as of the date first written above.

**International Association of Heat and Frost Insulators and Allied Workers Local 12 of New York City**

Dated: _____

By: _____
Its Authorized Representative

**Welfare Fund of Heat and Frost Insulators Local 12, Pension Fund of Heat and Frost Insulators Local 12; Annuity Fund of Heat and Frost Insulators Local 12; Vacation Fund of Heat and Frost Insulators Local 12; Apprentice Journeyworker Education Fund Heat and Frost Insulators Local 12**

Dated: _____

By: _____
Its Authorized Representative

**Minosis Group, Inc.**

Dated: July 9, 2021

By: _____, President

**MIMGT LLC**

Dated: July 9, 2021

By: _____, President

**MITG, LLC**

Dated: 7/9/21

By: _____, President

Michael Theodorobeakos, Individually
Dated: 7/9/21

_____
Grecia Theodorobeakos, Individually
Dated: July 9, 2021

SO ORDERED:

  s/ MKB  
Margo K. Brodie
United States District Judge
Dated: _____July 13_____, 2021

-7-